# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS COLESBERRY, EVA GUERRERO, and DAVID HUGH OLSEN on Behalf of Themselves and All Others Similarly Situated,<br><br>            Plaintiffs,<br>   v.<br><br>RUIZ FOOD PRODUCTS, INC., et al.,<br><br>            Defendants. | CV F 04-5516 AWI SMS<br><br>ORDER VACATING MAY 22, 2006 HEARING DATE<br><br>ORDER REQUIRING MORE BRIEFING<br><br>ORDER SETTING HEARING FOR JUNE 19, 2006 |

## BACKGROUND

This class action arises out of Defendants' alleged breach of fiduciary duty and violations of ERISA by selling stock in an ERISA Plan at less than adequate consideration and without prudent investigation. Defendants deny all liability. However, as a result of mediation and settlement negotiations, the parties have agreed to certify this action as a class action and settle this action. Pending before the court is Plaintiffs' motion for conditional certification of mandatory class, preliminary approval of settlement stipulation, and approval of notice to class members.

The Stipulation defines the Class for settlement certification as follows:

> All persons who were participants or beneficiaries entitled to benefits under the Plan as of September 10, 2001, or April 5, 2002.

Excluded from the class are: Fred Ruiz, Kim Beck and Bryce Ruiz. The parties have agreed that no class member may opt out of the Class, but Class members will receive notice and the opportunity to file written objections. The relief provided under the Stipulation is payment of $5,250,000 by Defendants (other than CFI). The Stipulation provides for the payment to be placed in an interest bearing escrow account no later than July 1, 2006. The class representatives will be given a payment of $4,000, to compensate them for the time and expense of prosecuting this action. The settlement further provides for a total payment to class counsel of $525,000, of which approximately $170,000 will be paid by Defendants, leaving $355,000 to be paid by the Class. The balance of the $5,250,000, plus interest, will be paid into the Plan and allocated among Class Member accounts according to the terms of the Plan. Class Members will also receive an additional payment of approximately $19.77 per share for each share of RFP stock sold to RG3 on September 10, 2001, and an additional payment of approximately $1.31 per share for each share of RFP stock sold to RG3 on April 5, 2002.

## DISCUSSION

Rule 23(e) of the Federal Rules of Civil Procedure provides that a "class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Thus, the parties request the court to approve their settlement. To approve settlement the parties and court must follow several steps: (1) The parties advise the court of settlement, and submit the proposed settlement to the court; (2) A hearing is held to make a preliminary determination of fairness of the settlement; (3) Notice of the proposed settlement and the fairness hearing is prepared, approved and sent to class members; (4) A "fairness" hearing is held at which proponents of and objectors to the settlement may be heard; (5) The court approves or disapproves the settlement; and (6) If the settlement involves distribution of money or other benefits, there may be a *claims process*, either during the approval period or thereafter, for the unnamed class members to come forward and make their claims. See Schwarzer, Tashima, and

Wagstaffe, *California Practice Guide Federal Civil Procedure Before Trial*, §10:786.  In the pending motion, the parties request the court make a preliminary determination of fairness of the settlement.

Because this action has not yet been certified as a class action, the parties also request the court certify the Class pursuant to Rule 23(b)(1).   Federal Rule of Civil Procedure 23(a) lists four criteria that must be met to certify a class action:   numerosity,  commonality of issues, typicality of the representative plaintiffs' claims, and adequacy of representation.   A class may only be certified if the court is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 161 (1982).   The burden is on the party seeking class certification to show that these elements have been met. Doninger v. Pac. N.W. Bell, Inc., 564 F.2d 1304, 1308 (9th Cir. 1977).   At this time, Plaintiffs appear to have shown how each of these criteria are met.

Besides meeting the prerequisites of Rule 23(a), to be certified, a class must also satisfy the criteria of one of the three subsections of Rule 23(b).  See Fed.R.Civ.Pro. 23(b).   Here, the parties ask that the court certify the class under Rule 23(b)(1).   Rule 23(b)(1) provides:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

Fed.R.Civ.Pro. 23(b).   Plaintiffs contend that because Defendants' conduct pertained to the Plan as a whole, it is equally relevant to each proposed Class Member's claims and damages, and separate actions by individual Class Members would create a risk of varying and inconsistent results.   Plaintiffs also contend that Plaintiffs have charged that a fiduciary breach affected a large class, and an accounting will be made to back to the plan in order to avoid multiple lawsuits by individual participant with the possibility of different outcomes.

3

The potential problem in this action is that the parties request the court certify the class as a mandatory, non-opt out class.  Mandatory classes are those in which there is no mandatory right to "opt out."   Rule 23(b)(1) and Rule (b)(2) classes are mandatory because class members have no opt out rights, unlike Rule 23(b)(3) classes.  Rule 23(b)(1) and Rule 23 (b)(2) class members who are subject to the court's jurisdiction are bound by a settlement or judgment on the class claims.  White v. National Football League, 41 F.3d 402, 407-08 (8th Cir. 1994).[1]

Individualized claims for damages in the class action setting present due process concerns, particularly in the context of mandatory, non-opt out classes.  Molski v. Gleich, 318 F.3d 937, 947 (9th Cir. 2003).  Courts have held that where money damages constitute the primary relief requested, even though injunctive relies is also sought, the class must be certified under Rule 23(b)(3) and must meet due process requirements.  See Ortiz v. Fibreboard Corp., 527 U.S. 815, 844 (1999); Molski v. Gleich, 318 F.3d at 947-50; Allison v. Citgo Petroleum Corp., 151 F.3d 402, 421-22 (5th Cir.1998).  While most cases refusing to certify mandatory, non-opt out classes concerned Rule 23(b)(2) classes, the potential problems are applicable to any mandatory class, whether under Rule 23(b)(1) or Rule (b)(2).  Molski, 318 F.3d at 949 n.13. The proposed settlement, which appears to provide the Class Members with restitution, does not seem merely incidental to a claim for injunctive or declaratory relief.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 860 (9th Cir.2001) (in dicta, stating that a primary claim for restitution would have made Rule 23(b)(2) certification inappropriate).

Here, the parties have not adequately explained to the court why they believe the proposed class can be a mandatory, non-opt out class.   It appears to the court that the primary relief to be provided is monetary, and there has been no showing that the court is dealing with a limited fund.  As such, the court requests further briefing from the parties on whether Ortiz v.

---

[1] Federal courts have authority to issue "appropriate orders" regarding procedural matters pursuant to Rule 23(d)(5). This includes orders giving opt-out rights to members of classes certified under Rules 23(b)(1) and (b)(2) even though Rule 23 expressly allows opt-outs only from classes certified under Rule 23(b)(3).  Thomas v. Albright, 139 F3d 227, 234 (D.C. Cir. 1998).

1  Fibreboard Corp., 527 U.S. 815 (1999) and Molski v. Gleich, 318 F.3d 937 (9th Cir. 2003), allow
2  this court to certify the class pursuant to Rule 23(b)(1) as a mandatory, non-opt out class.  If the
3  parties do not believe these cases and their progeny allow for a mandatory, non-opt class in this
4  action, the parties should brief whether they desire to proceed under the settlement already
5  reached by the parties, but allowing class members to opt out.

**ORDER**

Accordingly, the court ORDERS that:

1. The previously set hearing date of May 22, 2006, is VACATED, and no party shall appear at this time;
2. The parties shall file supplemental briefing concerning whether this action can proceed as a mandatory, non-opt out class by 4:00 p.m. June 5, 2006;
3. The hearing on this matter is set for June 19, 2006, at 1:30 p.m.

IT IS SO ORDERED.

**Dated:   May 17, 2006**              /s/ Anthony W. Ishii
0m8i78                                 UNITED STATES DISTRICT JUDGE

5