1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS COLESBERRY, EVA GUERRERO, and DAVID HUGH OLSEN on Behalf of Themselves and All Others Similarly Situated, ) ) ) ) | CV F 04-5516 AWI SMS |
| Plaintiffs, ) ) | |
| v. ) ) | MEMORANDUM AND ORDER REGARDING CONDITIONAL CERTIFICATION OF MANDATORY CLASS, PRELIMINARY APPROVAL OF SETTLEMENT STIPULATION, AND APPROVAL OF NOTICE OF SETTLEMENT |
| RUIZ FOOD PRODUCTS, INC., et al., ) ) | |
| Defendants. ) ) | (Document #35) |

This class action arises out of Defendants' alleged breach of their fiduciary duty to Plaintiffs and Defendants' alleged violations of the Employee Retirement Income Security Act ("ERISA") when they sold stock in an ERISA plan at less than adequate consideration and without prudent investigation.   Defendants deny all liability.   However, as a result of mediation and settlement negotiations, the parties have agreed to certify this action as a class action and settle this action.    Pending before the court is Plaintiffs' motion for conditional certification of a mandatory class and preliminary approval of the parties' settlement stipulation and notice to class members.

**BACKGROUND**

**A.  Procedural Background**

On April 2, 2004, Plaintiffs filed this putative class action.   Plaintiffs allege a violation of ERISA, 29 U.S.C. § 1001-1461, and a breach of fiduciary duty based on the sale of stock from the Ruiz Employee Stock Ownership Plan (the "Plan") to Ruiz Generation 3 LLC ("RG3").

On March 17, 2006, the parties filed a request for conditional certification of a class for settlement purposes pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure and preliminary approval of a stipulated settlement.   The parties ask that the court certify a class consisting of:   All persons who were participants in or beneficiaries of the Plan as of September 10, 2001, or April 5, 2002.   Excluded from the class are: Fred Ruiz, Kim Beck, and Bryce Ruiz. The parties also ask for preliminary approval of their settlement agreement.  In response to the court's request for supplemental briefing on whether a mandatory class was appropriate in this action, the parties filed supplemental briefing on why a mandatory class in this ERISA action is necessary.

**B.  Factual Background**

Plaintiffs are participants in the Plan.   The Defendants are Plan Trustees and members of the Committee who made decisions for the Plan, as well as the Plan's fiduciary.

On September 10, 2001, the Plan and RG3 entered into a stock purchase agreement ("SPA").   Under the terms of the SPA, the Plan agreed to sell 391,768.83 shares of RFP stock to RG3 in two stages:   First, 240,137 shares would be sold in 2001 at a price of $29.15 per share. Second, the remainder would be sold within the next 12 months at a price to be determined by the valuation firm of Raymond G. Hogue ("Hogue"), using the same methodology that had established the September 2001 price.

Consulting Fiduciaries, Inc. ("CFI") had been engaged as an independent fiduciary in connection with the transaction.   CFI approved the SPA.

The first part of the sale was completed on September 10, 2001.

On February 28, 2002, Hogue completed his annual valuation of the Plan's stock, as of the Plan's fiscal year end, i.e., September 29, 1001, as required under ERISA.   The report estimated the fair market value of the Plan's RFP stock on a fully diluted basis to be $33.30 per share as of September 29, 2001.

On April 5, 2002, with CFI's approval, the Plan sold the remaining 151,631.83 shares of

1   RFP stock in the Plan to RG3 at $45.08 per share.   This price was based on another valuation

2   report completed by Hogue.

3            Plaintiffs allege that Defendants breached their fiduciary duties and/or engaged in

4   prohibited transactions by causing the Plan to sell RFP stock to RG3 for less than adequate

5   consideration and without a prudent investigation.   They allege Defendants failed to

6   appropriately investigate and determine whether the price paid for RFP stock was reasonable

7   under the circumstances.   Defendants have denied the allegations and continue to deny the

8   allegations of improper conduct.   However, after a 19 hour mediation,  the parties agreed to

9   settle this case.

10  **C. Proposed Settlement**

11           The parties have agreed to define the Class for settlement certification as follows:   "All

12  persons who were participants or beneficiaries entitled to benefits under the Plan as of September

13  10, 2001, or April 5, 2002.  Excluded from the class are: Fred Ruiz, Kim Beck, and Bryce

14  Ruiz."[1]

15           The parties have agreed by stipulation for a payment to the Plan of $5,250,000.00 by

16  Defendants (other than CFI), in addition to the payments of reasonable fees and costs to

17  Plaintiffs' attorney.   The parties have agreed that the payment be placed into an interest bearing

18  escrow account no later than July 1, 2005.   This has been done.   The Ruiz Defendants will also

19  pay for the reasonable costs of administering the settlement.

20  //

21

22           [1]  The definition of the class comes from Plaintiffs' brief.    However, in their proposed

23  order, Plaintiffs define the class as: "All persons who were participants in or beneficiaries of the
    Plan from September 10, 2001 through May 3, 2005 except for the Defendant Trustees."    In

24  their proposed order, Plaintiffs define the class yet a third way:  "participants in the Plan at any
    time from September 10, 2001 to May 3, 2005 and/or beneficiaries of the Plan at any time from

25  September 10, 2001 to May 3, 2005."   Because the language used in Plaintiffs' motion appears to
    be the language approved by the parties, the court has adopted the language used in Plaintiffs'

26  motion rather than the proposed order.  If the parties desire the Class to be defined as stated in
    one of the ways found in the proposed order, the parties may stipulate to this change and submit

27  their stipulation to the court for approval.

28                                                    3

**DISCUSSION**

**A.  Class Certification**

Before the court may evaluate a class action settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the settlement class must meet the requirements of Rules 23(a) and (b), just as in the case of a litigated class.   Federal courts must pay "undiluted, even heightened, attention" to class certification requirements in a settlement context.   Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620  (1997); Molski v. Gleich, 318 F.3d 937, 946 (9th Cir. 2003).

Rule 23(a) of the Federal Rule of Civil Procedure lists four criteria that must be met to certify a class action: (1) Numerosity; (2) Commonality of issues; (4) Typicality of the representative plaintiffs' claims;  and (4) Adequacy of representation.   A class may only be certified if the court is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."  Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 161 (1982).   The burden is on the party seeking class certification to show that these elements have been met. Doninger v. Pac. N.W. Bell, Inc., 564 F.2d 1304, 1308 (9th Cir. 1977).

***1. Numerosity***

The first Rule 23(a) factor requires the court to find that the proposed class is "so numerous that joinder of all members is impracticable."   Rule 23(a)(1); see also Staton v. Boeing Co., 327 F.3d 938, 953 (9th Cir.2003).

The parties agree that the proposed class members would include over 1200 employees and former employees that have participated in the Plan.   Joinder of 1200 or more co-plaintiffs is clearly impractical.   Thus, the numerosity requirement is satisfied.

***2. Commonality of Issues***

The second Rule 23(a) factor requires that the class have sufficient commonality. Sufficient commonality is present "if there are questions of fact and law which are common to the class." Fed.R.Civ.Pro. 23(a); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). Common questions of fact and law are present where the defendants have engaged in

4

1  standardized conduct towards members of the proposed class.   Keele v. Wexler, 149 F.3d 589,

2  594 (7th Cir. 1998).

3      The proposed class members' claims all stem from the same alleged conduct –

4  Defendants' actions in connection with the Plan's sale of RFP stock to RG3.  The basis of all

5  class members' claims is that Defendants violated ERISA and their fiduciary duties because the

6  Plan was not paid enough for this sale.   The determination of whether this sale violated ERISA

7  and state law involves the same questions of law and fact.    Defendants are alleged to have

8  engaged in improper conduct that harmed all class members.  Thus, the commonality

9  requirement has been satisfied.

10  *3. Typicality of Representative Plaintiffs' Claims*

11      The third Rule 23(a) factor requires that the class representatives' claims and defenses be

12  typical of the class's claims and defenses. Fed.R.Civ.Pro. 23(a).  The typicality requirement

13  serves to "assure that the interest of the named representative aligns with the interests of the

14  class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). "Typicality refers to the

15  nature of the claim or defense of the class representative, and not to the specific facts from which

16  it arose or the relief sought." Id.   The Ninth Circuit has noted that "the commonality and

17  typicality requirements of Rule 23(a) tend to merge."  Staton v. Boeing Co., 327 F.3d 938, 957

18  (9th Cir. 2003).

19      The parties agree that Plaintiffs' claims are typical of the proposed class members'

20  claims.   Plaintiffs' claims, as with those of other proposed class members, concern the alleged

21  improper sale of RFP stock.   Plaintiffs' claims and the proposed class members' claims all

22  concern whether these sales violated ERISA and state law.   Thus, the typicality requirement has

23  been met.

24  *4. Adequacy of Representation*

25      The fourth Rule 23(a) factor requires that "the representative parties will fairly and

26  adequately protect the interests of the class."  Fed.R.Civ.Pro. 23(a).   To determine whether the

27

28                                         5

representatives parties meet the factor, the court is to ask two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"   Staton, 327 F.3d at 957.

There is no indication that either Plaintiffs or their counsel have a conflict of interest. Plaintiffs and the proposed class members have an equal interest in maximizing the entitlement under the Plan and seeing that the stock is valued at fair market value.    Each named Plaintiff is receiving $4,000 and their counsel will be compensated.    The court finds such fees are typical in class actions, and there is no showing that either the named Plaintiffs nor their counsel will receive such a windfall through this action that their representation of the class could be compromised.

Plaintiffs in this action are represented by Daniel Feinberg of Lewis, Feinberg, Renaker & Jackson, P.C.  Mr. Feinberg has submitted a declaration outlining his education and pertinent experience.   Mr. Feinberg has experience in class actions and ERISA actions. The defendants do not challenge the qualifications of Plaintiffs' counsel, and in fact, agree that Mr. Feinberg adequately represents the class.   Thus, the adequate representation factor has been met.

**_5.  Conclusion_**

Because the requirements of numerosity, commonality, typicality, and adequacy have been met, the court will certify the class.   Based on the parties' stipulation, the court certifies the class as: "All persons who were participants or beneficiaries entitled to benefits under the Plan as of September 10, 2001, or April 5, 2002.  Excluded from the class are: Fred Ruiz, Kim Beck, and Bryce Ruiz."

**B.   Rule 23(b)(1) Class**

Having met the prerequisites of Rule 23(a) for class certification, Plaintiffs are entitled to proceed as a class if the class meets the requirements of one of the subsections found in Rule 23(b).   Plaintiffs have moved for certification of the Class under Rule 23(b)(1).  Rule 23(b)(1)

provides:

> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>>> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

Fed.R.Civ.Pro. 23(b)(1).

Rule 23(b)(1)(B) focuses on the rights of unnamed class members. <u>McDonnell-Douglas Corp. v. U.S. Dist. Court</u>, 523 F.2d 1083, 1086 (9th Cir. 1975). Class actions are permitted under Rule 23(b)(1)(B) "only if separate actions 'inescapably will alter the substance of the rights of others having similar claims.'" <u>Id</u>. (citing <u>La Mar v. H & B Novelty & Loan Co.</u>, 489 F.2d 461, 466-67 (9th Cir. 1973)). A classic example of a Rule 23(b)(1)(B) action is one which charges "a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust." <u>Ortiz v. Fibreboard Corp.</u>, 527 U.S. 815, 834 (1999).

The relief which Plaintiffs seek from Defendants would ensure that the Plan was made whole. If the primary relief is to the Plan as a whole, then adjudications with respect to individual members of the class would, as a practical matter, alter the interests of other members of the class. If one plaintiff succeeds in obtaining a judgment that requires the Defendants to pay damages to the Plan, the benefit would affect everyone who has a right to disbursements from the Plan. Thus, the proposed class clearly falls within Rule 23(b)(1)(B) because adjudications with respect to individual class members would impact the interests of the other members not parties to this action and/or could substantially impair or impede their ability to protect their interests.

A class certified under Rule 23(b)(1) is mandatory. Mandatory classes are those in which

1   there is no mandatory right to "opt out."   When a class is certified under Rule 23(b)(1) or (b)(2),

2   class members do not have mandatory "opt out" rights.   Molski v. Gleich, 318 F.3d 937, 947 (9th

3   Cir. 2003).   Such rights only automatically attach to Rule 23(b)(3) classes.   Molski, 318 F.3d at

4   947; Fed.R.Civ.P. 23(c)(2)(B).     Rule 23(b)(1) and (b)(2) class members who are subject to the

5   court's jurisdiction are bound by a settlement or judgment on the class's claims.   White v.

6   National Football League, 41 F.3d 402, 407-08 (8th Cir. 1994).

7        The court had asked the parties for supplemental briefing on whether a mandatory class

8   could be certified in this action, which required Defendants pay monetary sums to the ERISA

9   Plan, which would then be allocated between the various class members' ERISA accounts.   The

10  Supreme Court has noted that there "is at least a substantial possibility" that class actions seeking

11  monetary damages can only be certified under Rule 23(b)(3).   Ticor Title Ins. Co. v. Brown, 511

12  U.S. 117 (1994).     This court had concerns that it may be unconstitutional to certify a class

13  action seeking monetary damages under Rule 23(b)(1).

14       While the Ninth Circuit has declined to adopt a rule that class actions seeking monetary

15  damages are per se certifiable only under Rule 23(b)(3), the Ninth Circuit has required careful

16  consideration of the facts of each case to ensure that a class certified under Rule 23(b)(1) or Rule

17  23(b)(2) is primarily seeking injunctive relief.   Molski, 318 F.3d at 949-50; But see Jefferson v.

18  Ingersoll Intern. Inc., 195 F.3d 894, 897 (7th Cir. 1999) (holding that "in actions for money

19  damages class members are entitled to personal notice and an opportunity to opt out").

20  Defendants do not dispute that the class, as the parties have defined it, should be certified under

21  Rule 23(b)(1), and all parties agree that this is how the court should certify the class.     As

22  discussed above, the parties have satisfied the requirements for a Rule 23(b)(1)(B) class because

23  this action primarily seeks monetary relief for the Plan, not the individual Plaintiffs or class

24  members.   The propriety of Rule 23(b)(1) certification in this action is confirmed by the vast

25  number of cases in which courts have certified ERISA class actions pursuant either to Rule

26  23(b)(1)(A) or Rule 23(b)(1)(B), or both.   See, e.g., Piazza v. Ebsco Industries, Inc., 273 F.3d

27

28                                              8

1341, 1352-53 (11th Cir. 2001); <u>Rogers v. Baxter Intern. Inc.</u>, 2006 WL 794734, *10 (N.D.

Ill.,2006);  <u>In re Williams Companies ERISA Litigation</u>, 231 F.R.D. 416, 425 (N.D. Okla. 2005);

 <u>In re Syncor Erisa Litigation</u>, 227 F.R.D. 338, 347 (C.D. Cal. 2005);  <u>In re CMS Energy Erisa</u>

<u>Litigation</u>, 225 F.R.D. 539, 546 (E.D. Mich. 2004).   Thus, based on this authority and the parties'

stipulation, the court will certify the class as a Rule 23(b)(1)(B) class.

**C.  Settlement**

In their motion, the parties request that the court preliminarily approve their settlement.

Rule 23(e) provides:

> (e) Settlement, Voluntary Dismissal, or Compromise.
> (1)(A) The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class.
> (B) The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.
> (C) The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.
> (2) The parties seeking approval of a settlement, voluntary dismissal, or compromise under Rule 23(e)(1) must file a statement identifying any agreement made in connection with the proposed settlement, voluntary dismissal, or compromise.
> (3) In an action previously certified as a class action under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (4)(A) Any class member may object to a proposed settlement, voluntary dismissal, or compromise that requires court approval under Rule 23(e)(1)(A).
> (B) An objection made under Rule 23(e)(4)(A) may be withdrawn only with the court's approval.

Fed.R.Civ.Pro. 23(e).

**_1.  Preliminary Fairness Finding_**

The court ordinarily holds a preliminary hearing to determine whether there is a

likelihood it could approve the settlement before conducting a full "fairness hearing."  <u>In re Jiffy</u>

<u>Lube Sec. Litig.</u>, 927 F.2d 155, 158 (4th Cir. 1991); Manual for Complex Litigation, Third, §§

20.212.  The proponents of the settlement must disclose what consideration is being given or

paid for the dismissal of the class claim, and must prove that:

- the settlement is not collusive, but is the result of arms' length negotiation;

- sufficient discovery has been conducted by the lawyer representing the class to evaluate the claims and defenses;

- the lawyer recommending the settlement is competent, experienced and not  subject to influence by the opposing party; and

- only a small fraction of the class have objected.

In re General Motors Corp. Pick-up Truck Fuel Tank Products Liab. Litig., 55 F.3d 768, 785 (3rd Cir. 1995); In re General Motors Corp. Engine Interchange Litig., 594 F.2d 1106, 1126 (7th Cir. 1979).

Plaintiffs have submitted briefs and supporting documents to the court, along with the proposed settlement, and argue that the proposed settlement is fair and should be tentatively approved.   Defendants' are in agreement with the proposed settlement.   The proposed settlement appears to be fundamentally fair and an appropriate resolution to the claims raised by the complaint.   Defendants represent that they have made the decision to settle to avoid the risks raised by litigating this matter further.   Everything before the court indicates this settlement is the product of arm's length negotiations and there is no indication Plaintiffs or their attorneys have been improperly influenced by Defendants.   Each named Plaintiff will only receive $4,000. The settlement allows for a total payment to class counsel of $525,000, of which approximately $170,000 will be paid by Defendants.   Only $355,000 must be paid by the Class.   This payment is only 6.67% of the common fund of recovery.   Because the Class has not yet been notified of this action or the proposed settlement, it is premature to consider the potential class members objections.  Thus, the court will preliminarily approve the settlement stipulation.

## 2.   *Notice to Class*

Once the parties obtain preliminary approval of their settlement, notice of the proposed dismissal or compromise must be given to all class members in such manner as the court directs. Fed.R.Civ.Pro. 23(e).  The type of notice to class members is discretionary with the court.

1  Schwarzer, Tashima, and Wagstaffe, *California Practice Guide Federal Civil Procedure Before*
2  *Trial*, §10:823.

3      The parties have submitted the notice to the court for approval.   Proper notice should
4  include:

5      - the essential terms of the proposed settlement;

6      - disclosure of any special benefits provided to the class representatives;

7      - information regarding attorney fees;

8      - the time and place of the hearing to consider approval of the settlement, and the
9      method for objecting to the settlement;

10      - explanation of the procedures for allocating and distributing settlement funds; and

11      - prominently display the address and phone number of class counsel and the procedure
12      for making inquiries.

13  Manual for Complex Litigation, Third, §§ 30.212; <u>Marshall v. Holiday Magic</u>, 550 F.2d 1173,
14  1178 (9th Cir. 1977).   Rule 23(e) gives the court "virtually complete" discretion as to the manner
15  of service of settlement notice.   <u>See</u> <u>Franks v. Kroger Co.</u>, 649 F.2d 1216, 1222- 1223 (6th Cir.
16  1981).

17      The parties propose that each class member be mailed a notice of the proposed class
18  action settlement.   The proposed notice adequately describes the facts underlying this action.
19  The proposed notice states who members of the class are, and it provides the terms of the
20  settlement.   The proposed notice provides information regarding attorney's fees.   The proposed
21  notice provides information on how class members may object to the settlement, and clearly
22  indicates contact information for both class counsel and defense counsel.   Thus, the court
23  approves the proposed notice.

24  **D.  Further Proceedings**

25      After receiving notice of this order, the parties must send the notices to the class
26  members, allow time for class members to file objections, and set a final approval hearing.

27

28                                      11

Because this order is being issued approximately one month after anticipated by the parties, the court has adjusted the parties' proposed dates as set forth below.    If the parties wish to change these dates, the parties may stipulate to change the dates and submit their stipulation to the court for approval.

**ORDER**

Accordingly, based on the above Memorandum Opinion, the court ORDERS that:

1.    The parties' motion for conditional certification of a mandatory class is GRANTED;

2.    The settlement stipulation is PRELIMINARILY APPROVED, subject to a final determination after the settlement hearing;

3.    The proposed notice of settlement is APPROVED; and

4.    Further deadlines and hearings are as follows:

     (a) July 14, 2006            - Defendants provide to the Settlement Administrator and Class Counsel a database containing Class members;

     (b) August 4, 2006         - Settlement administrator to mail Settlement Notice and Clam forms to Class Members;

     (c) October 6, 2006        - Last Day for Objections

     (d) October 20, 2006      - Moving Papers in Support of Final Approval of Settlement and Fee Application Due

     (e) November 13, 2006    - Final Approval Hearing

IT IS SO ORDERED.

**Dated:    June 30, 2006**            _____/s/ Anthony W. Ishii_____
9h0d30                                        UNITED STATES DISTRICT JUDGE