1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS COLESBERRY, EVA GUERRERO and DAVID HUGH OLSON, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) Case No.: CIV. F-04-5516 AWI SMS |
| Plaintiffs, | ) ) |
| vs. | ) **ORDER GRANTING FINAL** ) **APPROVAL OF CLASS ACTION** ) **SETTLEMENT AND AWARD OF** |
| RUIZ FOOD PRODUCTS, INC., THE PLAN COMMITTEE of RUIZ FOOD PRODUCTS, INC. EMPLOYEE STOCK OWNERSHIP PLAN, FREDERICK R. RUIZ, KIMBERLEY RUIZ-BECK, F. BRYCE RUIZ, RUIZ GENERATION 3, LLC, and CONSULTING FIDUCIARIES, INC. | ) **ATTORNEYS' FEES AND COSTS** ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) ) |

This matter is before the Court on the motion of Plaintiffs Thomas Colesberry, Eva Guerrero, and David Hugh Olson for final approval of the class action settlement reached in this action, award of attorneys' fees and costs, and award of service payments to the class representatives.

The Court, having entered an Order on July 3, 2006, preliminarily approving the Settlement Agreement and conditionally certifying the following class:

All persons who were participants or beneficiaries entitled to benefits under the Plan as of

1   September 10, 2001, or April 5, 2002.  Excluded from the class are: Fred Ruiz, Kim

2   Beck, and Bryce Ruiz;

3   having directed that Notice be given to all Class Members of the proposed Settlement and of a

4   hearing (the "Final Approval Hearing") scheduled to determine whether the proposed Settlement

5   should be finally approved as fair, adequate, and reasonable, and to hear any objections to any of

6   these matters; having considered Plaintiffs' motion for final approval of the Settlement and

7   documents in support thereof; having considered the Settlement Agreement and all exhibits

8   attached thereto; and having considered all of the submissions and arguments with regard to

9   Plaintiffs' motion for final approval; and having held the Final Approval Hearing and considered

10  the submissions and arguments made in connection therewith;

11          **THE COURT HEREBY FINDS AS FOLLOWS:**

12          1.      To the extent defined in the Settlement Agreement and incorporated herein by

13  reference, the terms in this Order shall have the meanings set forth therein or in the Order of July

14  3, 2006, preliminarily approving the Settlement.

15          2.      The Court has subject matter jurisdiction over this action and personal jurisdiction

16  over the parties.

17          3.      Without affecting the finality of this Order and Judgment, the Court retains

18  jurisdiction over the interpretation, administration, and consummation of the Settlement

19  Agreement and its Orders.

20          4.      Notice to the Class Members has been given in an adequate and sufficient manner,

21  and the notice given constitutes the best notice practicable, complying in all respects with federal

22  law and the requirements of due process.  Notice given to Class Members was reasonably

23  calculated under the circumstances to apprise Class Members of the pendency of this action, of

24  all material elements of the proposed Settlement, and of their opportunity to object to or

25  comment on the Settlement and to appear at the Final Approval Hearing.  Full opportunity has

26  been afforded to Class Members to participate in the Final Approval Hearing.  Accordingly, the

27  Court finds that all Class Members are bound by this Order.

28

5.      The Order of July 3, 2006, of this Court certifying the class defined above pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1)(B) is confirmed.

6.      Because the Court certified the settlement class under Rule 23(b)(1)(B), class members may not opt out of the mandatory Class.

7.      The Court set a deadline of October 6, 2006, for Class Members to file objections to the Settlement.  No objections have been filed.  The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement.

8.      The Settlement Agreement was made in good faith.  Arm's length negotiations took place between Class Counsel and defense counsel, under the supervision of the mediator, Judge (Ret.) Charles Renfrew, that resulted in the proposed Settlement.

9.      The proposed Settlement – being in all respects fair, reasonable, adequate, proper, and in the best interests of the Class Members given the benefits of the settlement and the risks, complexity, expenses, and probable duration of further litigation between Class Members and Defendants – is accordingly finally approved.

10.     In accordance with the terms of the Settlement Agreement, which are hereby incorporated by reference as though fully set forth herein, it is hereby ordered, adjudged, and decreed as follows: the Ruiz Defendants are ordered to provide statements of the number of RFP shares in each Class Member's account on the transaction dates, and the Settlement Amount to be paid to the Plan and allocated to each Class Member's account, no later than the Effective Date, as required by Paragraph II.B.2.g.ii of the Settlement Agreement.  Defendants are further ordered to ensure that the Plan provides the Statement of Settlement Amount required by Paragraph II.B.2.g.iii to each Class Member within fourteen (14) days of the Effective Date, for which the Ruiz Defendants shall bear the costs.  Also in accordance with the Settlement Agreement, Defendants are ordered to transfer the Settlement Amount in the Escrow Account, minus attorneys' fees and costs of $355,000 as described in Paragraph 18 below, and less any escrow fees and/or applicable taxes, to the ESOP trust to be held on behalf of the Class Members.  This transfer must take place within fourteen (14) days of the Effective Date.

11.     Also in accordance with the Settlement Agreement, Defendants are ordered to allocate the Settlement Amount among Class Members (or their Plan accounts, as appropriate), in accordance with Paragraphs II.B.2.e and II.B.2.g.i within 60 days of the Effective Date. Defendants are discharged and released from the Released Claims as defined in Sections II.A.5 and II.B.1.c of the Settlement Agreement.  Nothing in this Order shall be construed to affect any claims not released under the terms of the Settlement Agreement.

12.     Named Plaintiffs and the Class Members, as well as their fiduciaries, trustees, heirs, executors, administrators, beneficiaries, representatives, predecessors, agents, attorneys, successors, and assigns, are barred and enjoined from instituting, maintaining, prosecuting or enforcing, in any capacity, the Released Claims against the Released Persons, except to the extent that this Court retains jurisdiction to enforce the Settlement and effectuate the terms of the Settlement.

13.     Nothing in the Settlement Agreement, or this Order is an admission by any Defendant of any liability or wrongdoing.

14.     The Court has examined Plaintiffs' request for award of attorney's fees, costs, and class representative payments.  The Court finds that Class Counsel has devoted substantial time to this litigation for the benefit of the Class, represented the Class on a contingent fee basis, and obtained an excellent result for the Class.  The Court further finds that Plaintiffs' requested award of $525,000 for attorneys' fees and costs, of which $170,000 is to be paid by the Ruiz Defendants and $355,000 from the Settlement Amount, is reasonable in light of the factors listed above and of the fact that the fees requested represent less than ten (10) percent of the monetary value of the Settlement, and the Class's portion represents only 6.5 percent of the Settlement Amount, which is substantially less than the 25 percent "benchmark" in the Ninth Circuit.  *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Altson & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989); *Torrisi v. Tucson Electric Power Co.*, 8 F. 3d 1370, 1376-77 (9th Cir. 1993).

15.     The Court further finds that Plaintiffs' request for award of costs for out-of-pocket

expenses incurred by Class Counsel in the litigation is reasonable.  The Court finds that the costs requested to be reimbursed were reasonably incurred for the benefit of the Class.  The Court finds the request particularly reasonable in light of the fact that the reimbursement of costs will not increase the amount that the Class pays to Class Counsel.

16.     Therefore, in accordance with the terms of the Settlement, the Ruiz Defendants are ordered to pay to Class Counsel, within fourteen (14) business days of the Effective Date, $170,000 for attorneys' fees and costs.  The parties are further ordered to cause $355,000 for attorneys' fees and costs to be paid to Class Counsel from the Settlement Amount at that time.

17.     The Court further finds that the Class Representatives played a significant role in developing the factual background for this litigation and in settlement negotiations.  Plaintiffs' requested service  payments of $4,000 each for the Class Representatives are modest in comparison to service payments awarded to class representatives in other cases, and are reasonable in light of the Class Representatives' contributions to the litigation.  Therefore Plaintiffs' request for service payments of $4,000 each to Thomas Colesberry, Eva Guerrero, and David Hugh Olson by the Ruiz Defendants is approved.  Ruiz Defendants are ordered to deliver checks for the service payments to Class Counsel within fourteen (14) business days of the Effective Date.

IT IS SO ORDERED.

**Dated:    November 13, 2006**            _____**/s/ Anthony W. Ishii**_____
0m8i78                                    UNITED STATES DISTRICT JUDGE